

JUL 26 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.     Criminal No. 3:08CR171

DWAYNE WHITE

## MEMORANDUM OPINION

Dwayne A. White, a federal inmate proceeding pro se, filed this 28 U.S.C. § 2255 Motion. White contends that he is entitled to relief upon the following grounds:

| | |
|---|---|
| Claim One | "Counsel was ineffective . . . when counsel failed to investigate the time/sentenced Petitioner could have received under 18 U.S.C. § 924(c) brandishing statute language." (§ 2255 Mot. 5.)[1] |
| Claim Two | "Counsel's performance rendered ineffective, when counsel failed to argue a mitigating sentence on both Counts One and Three." (Id.) |
| Claim Three | "Counsel rendered ineffective assistance of counsel when plea counsel advised Petitioner he would receive less than 20 years if he plea guilty to Counts One and Count Three." (Id.) |
| Claim Four | "Counsel rendered ineffective assistance of counsel . . . when counsel fail to file an appeal on the 240 months consecutive sentence of both counts that amounted to a 480 [month] sentence." (Id. at 6.) |

The United States has responded. White has filed a reply. The matter is ripe for disposition.

---

[1] The Court has corrected the capitalization in the quotations to White's submissions.

## I. PROCEDURAL HISTORY

On June 3, 2008, a federal grand jury issued a three-count superseding indictment against White. Count One charged White with conspiracy to interfere with commerce by robbery. Count Two charged White with brandishing a firearm during a crime of violence on October 20, 2007. Count Three charged White with brandishing a firearm during a crime of violence on November 1, 2007.

On June 5, 2008, White entered into a plea agreement with the United States. Pursuant to the terms of the Plea Agreement, White agreed to plead guilty to Counts One and Three in exchange for the agreement of the United States to dismiss Count Two. During his Rule 11 proceedings, White acknowledged that he understood that he could be sentenced up to twenty years on Count One and up to life in prison on Count Three. (June 9, 2008 Rule 11 Hr'g 2:55:14-2:56:20.) Additionally, the Court informed White that under the terms of the Plea Agreement, he had agreed to a sentence of 480 months of incarceration, consisting of 240-months of imprisonment on Count One to be followed by a 240-month term on Count Three. (June 9, 2008 Rule 11 Hr'g 3:01:12-3:01:32; Plea Agreement ¶ 5.) White swore that, other than what was contained in the Plea Agreement, no one had made any other threats or promises in order to get him to plead guilty. (June 9, 2008 Rule 11 Hr'g 3:07:20-3:07:35.) White also agreed to waive his right to appeal any sentence within the statutory maximum. (Plea Agreement ¶ 6.)

2

On September 12, 2008, the Court sentenced White to 480 months of imprisonment.

## II. ALLEGED INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate the ineffective assistance of counsel, a defendant must first show that counsel's representation was deficient and then that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance facet of Strickland, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). To satisfy the prejudice aspect of Strickland, the defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

In the context of a guilty plea, the Supreme Court has modified the second facet of Strickland to require the defendant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Of course, in conducting the foregoing inquiry, the representations of the defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Therefore, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005)(internal citations and quotations omitted). Accordingly, the United States Court of Appeals for the Fourth Circuit has admonished that "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 221-22.

A. Plea Proceedings

In Claim One, White contends that, had counsel conducted an adequate investigation with respect to Count Three, "counsel would have known that the penalty calls for a 7 year maximum sentence not 20 years." (Pet'r's Reply at 4.) White is wrong. Because 18 U.S.C. § 924(c) does not list a maximum sentence, the statutory

maximum term for a violation of this section is life imprisonment. See United States v. Harrison, 272 F.3d 220, 225-26 (4th Cir. 2001). Accordingly, Claim One will be DISMISSED because White has not demonstrated deficiency or prejudice.

In a related vein, in Claim Three, White asserts that "counsel advised him that if he hurried up and pled guilty to Counts 1 and 3 he (Petitioner) would receive less than 20 years." (Pet'r's Reply 8.) This assertion appears to be patently false in light of the content of the Rule 11 proceedings wherein White acknowledged that he would receive a 480-month term of imprisonment. Lemaster, 403 F.3d at 221. Furthermore, White cannot demonstrate prejudice. See United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995) (concluding that a petitioner "could not be prejudiced by any misinformation his counsel allegedly provided him" regarding his sentence where the court accurately informed the petitioner of the potential sentence). Accordingly, Claim Three will be DISMISSED.

B. Sentencing

In Claim Three, White faults counsel for not presenting mitigating evidence at sentencing. White, however, does not identify, as he must, the mitigating evidence. See Bassette v. Thompson, 915 F.2d 932, 940-41 (4th Cir. 1990). In his Reply, White once again erroneously asserts that the maximum sentence he could receive on Count Three was seven years. (Pet'r's Reply 9.) White has failed to demonstrate that counsel was deficient or that he suffered any prejudice. Claim Three will be DISMISSED.

5

C. **Appeal**

In Claim Four, White asserts that his attorney failed to file an appeal after he instructed her to do so. An attorney's failure to file a requested appeal is per se ineffective assistance of counsel. See Roe v. Flores-Ortega, 528 U.S. 470, 483-86 (2000). The Fourth Circuit holds that "an attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests." United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007).[2] The Fourth Circuit has instructed that "when a defendant brings a § 2255 claim based on his attorney's failure to file a requested notice of appeal, the district court should hold a hearing if it is unclear in the record whether the attorney was so instructed." Id. at 272. That is the case here.

---

[2] The Court notes that a split of authority exists respecting whether a lawyer is per se ineffective when the lawyer fails to file a notice of appeal despite his client's wishes, even when the defendant has waived his right to appeal and has no meritorious issues to raise. The United States Court of Appeals for the Seventh Circuit departs from the majority of circuits, and holds that counsel is not per se ineffective for honoring a client's written waiver of appeal instead of the client's later oral instruction to appeal. Nunez v. United States, 546 F.3d 450, 456 (7th Cir. 2008). Despite this contrary precedent from a different circuit, this Court adheres to the principles announced by the Fourth Circuit. See Poindexter, 492 F.3d at 265.

### III. FURTHER PROCEEDINGS

Claim Four will be referred to the Honorable M. Hannah Lauck, United States Magistrate Judge, for all further proceedings including an evidentiary hearing, if necessary. The record will be expanded under Rule 7 of the Rules Governing § 2255 Motions to include the following documents to be submitted within twenty-one (21) days of the date of entry hereof:

A. White shall submit copies of any records or correspondence which support his assertion that he conveyed to counsel his desire to file an appeal.

B. White is directed to provide the Court with a statement reciting any communications he had with counsel concerning White's instructions to counsel regarding an appeal. The statement must include a verbatim account of what White said to his attorney and the exact responses from his attorney. The statement must recite the date and locations of any conversations that took place. Additionally, White must identify what efforts he made to ascertain whether his attorney had filed an appeal. White must explain when and why he first suspected that counsel had not filed an appeal. Such statement must be in affidavit form or sworn under penalty of perjury.

C. Trial counsel, Valencia Roberts, is directed to provide the United States with copies of all correspondence to White regarding an appeal. Additionally, Ms. Roberts shall provide the United States with copies of all correspondence received from White or sent to White following his sentencing that are relevant to whether White requested an appeal. Finally, Ms. Roberts shall provide the United States with a sworn statement regarding his communications with White concerning the pursuit of an appeal.

D. The United States is directed to file all information provided by Ms. Roberts with the Court and shall properly serve White with the same.

The Clerk is DIRECTED to send a copy of the Memorandum Opinion to White, Ms. Roberts, and counsel for the United States.

An appropriate Order shall issue.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: July 25, 2011
Richmond, Virginia