IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.   Criminal Action No. 3:08CR171

DWAYNE WHITE

**MEMORANDUM OPINION**

Dwayne White, a federal inmate proceeding with counsel, filed this 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF No. 48) arguing that his firearm conviction is invalid under Johnson v. United States, 135 S. Ct. 2551 (2015). By Memorandum Opinion and Order entered on September 25, 2019, the Court granted White's § 2255 Motion. Additionally, the Court directed the parties, within fourteen (14) days of the date of entry thereof, to file their position as to whether the Court needs to conduct a full resentencing or may simply enter a corrected judgment. (ECF Nos. 61, 62.) White filed his position that the Court should simply enter a corrected judgment. The Government, inexplicably, failed to respond. For the reasons set forth below, the Court will enter a corrected judgment.

**I.  PERTINENT PROCEDURAL HISTORY**

On June 3, 2008, White was charged in a three-count Superseding Indictment. (ECF No. 10.) Count One charged White with conspiracy to obstruct, delay, and affect commerce by robbery

("conspiracy to commit Hobbs Act robbery"). (Id. at 1.) Count Two charged that on October 20, 2007, White used, carried, and brandished a firearm during and in relation to a crime of violence, to wit, the conspiracy to commit Hobbs Act robbery charged in Count One and "interference with commerce by force." (Id. at 1-2.) Count Three charged that on November 1, 2007, White used, carried, and brandished a firearm during and in relation to a crime of violence, to wit, conspiracy to commit Hobbs Act robbery charged in Count One "and interference with commerce by force." (Id. at 2.)

On June 9, 2008, pursuant to a Plea Agreement, White pled guilty to Counts One and Three. (ECF No. 12, at 1; ECF No. 14.) The Plea Agreement specified that the predicate crime of violence for the firearm charge in Count Three was Hobbs Act conspiracy. Specifically, the relevant portion of the Plea Agreement provided:

> The defendant agrees to plead guilty to Counts One and Three of the pending Superseding Indictment.
>
> . . . .
>
> b. Count Three charges that the defendant, in furtherance of a crime of violence for which he may be prosecuted in a court of the United States, to wit: conspiracy to interfere with commerce by threats and violence, did knowingly and unlawfully possess and brandish, and did aid, abet, counsel, command, induce, and cause to be possessed and brandished, firearms, in violation of Title 18 United States Code, Section 924(c).

(Id. at 1.) Critically, the Plea Agreement omitted any reference to a non-conspiracy Hobbs Act robbery as a predicate crime of violence for Count Three.

On September 12, 2008, the Court sentenced White to 240 months on Count One and 240 months on Count Three, to be served consecutively. (ECF No. 23, at 2.)

On June 27, 2016, White filed his § 2255 Motion arguing that his conviction and sentence on Count Three must be vacated because because of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). By Memorandum Opinion and Order entered on September 25, 2019, the Court granted Smith's § 2255 Motion and vacated his conviction and sentence on Count Three.

## II. ANALYSIS

The United States Court of Appeals for the Fourth Circuit has explained that,

> the end result of a successful § 2255 proceeding must be the vacatur of the prisoner's unlawful sentence (and perhaps one or more of his convictions) and one of the following: (1) the prisoner's release, (2) the grant of a future new trial to the prisoner, (3) or a new sentence, be it imposed by (a) a resentencing or (b) a corrected sentence.

United States v. Hadden, 475 F.3d 652, 661 (4th Cir. 2007) (footnote omitted) (citing 28 U.S.C. § 2255(b)). "[T]he goal of § 2255 review is to place the defendant in exactly the same position he would have been had there been no error in the first

instance." Id. at 665 (citations omitted) (internal quotation marks omitted). Here, as White agrees, that goal is met simply by entering a new judgment reflecting the vacatur of White's conviction and sentence on Count Three. White already was sentenced to the statutory maximum sentence for Count One. Accordingly, contemporaneous with the issuance of this Memorandum Opinion and Order the Court will enter a corrected judgment reflecting only White's conviction and sentence on Count One.

The Clerk is directed to send a copy of this Memorandum Opinion to White and counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: February 6, 2020

4